In an action to recover damages for personal injuries, the de *1085 fendant Breakaway Courier Systems appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 18, 2011, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it and granted that branch of the motion of the defendants 11 West 42 Realty Investors, LLC, and Tishman Speyer Properties, LI] which was for summary judgment dismissing the cross claims asserted against them, and the plaintiff cross-appeals from the same order.
Ordered that the cross appeal by the plaintiff is dismissed as abandoned; and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff and the defendants 11 West 42 Realty Investors, LLC, and Tishman Speyer Properties, LI] appearing separately and filing separate briefs, payable by Breakaway Courier Systems.
The Supreme Court properly denied the motion of the defendant Breakaway Courier Systems (hereinafter Breakaway) for summary judgment dismissing the amended complaint insofar as asserted against it. In support of its motion, Breakaway argued that the alleged condition which caused the plaintiff to trip and fall was open and obvious and not inherently dangerous. However, Breakaway’s own submissions demonstrated the existence of a triable issue of fact. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (see Acevedo v New York City Tr. Auth., 97 AD3d 515 [2012]; Cassone v State of New York, 85 AD3d 837 [2011]; Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]). In addition, the evidence submitted by Breakaway failed to establish that any negligence on the part of the plaintiff was the sole proximate cause of the plaintiffs accident. Since Breakaway did not meet its initial burden as the movant, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Further, the Supreme Court properly determined that the defendants 11 West 42 Realty Investors, LLC, and Tishman Speyer Properties, LP (hereinafter the property owners), established their prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against them. In opposition, Breakaway failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied Breakaway’s motion for summary judgment dismissing the amended *1086 complaint insofar as asserted against it and granted that branch of the property owners’ motion which was for summary judgment dismissing the cross claims asserted against them. Angiolillo, J.E, Dickerson, Leventhal and Miller, JJ., concur.